IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TODD WILLIAMS, | )<br>) |
| Plaintiff, | )<br>)<br>)<br>) |
| v. | ) No. 13 C 4333<br>)<br>) Judge John A. Nordberg |
| ILLINOIS DEPARTMENT OF<br>REHABILITATION SERVICES, and<br>DAVID HANSON, Acting Director, | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Todd Williams, who suffers from learning disabilities, has been for many years seeking to get the Illinois Department of Rehabilitation Services ("DRS") to fund his business plan to sell instructional DVDs about divorce and bankruptcy law. He wants the DRS to provide 100% of the costs of his new business venture. The DRS suggested that he look for a more traditional job (such as an operations manager), but plaintiff preferred to pursue his goal of self-employment. The DRS has questioned whether his proposed DVD-selling business is too risky and has asked him to provide information about contingency plans and alternative sources of funding. Plaintiff's current lawsuit is the fifth one he has filed in this district (all brought *pro se* and all relating to this same general issue). He has also filed at least one case in state court.

Before the Court is plaintiff's motion to proceed in forma pauperis without paying the Court's filing fee. In considering such requests, this Court first considers whether plaintiff qualifies as indigent. 28 U.S.C. § 1915(a)(1). In the second step of the analysis, this Court "must screen [the complaint] for failure to state a claim, among other things." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013); 28 U.S.C. § 1915(e)(2). In assessing whether a claim has been stated, this Court utilizes the standards for dismissal under Rule 12(b)(6). *Bridgewater v. United States Gov.*, 2013 WL 3894955, * 2 (N.D. Ill. July 26, 2013). Thus, we will accept all well-pleaded allegations as true and draw reasonable inferences in plaintiff's favor, but at the same time the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

With regard to the indigency prong, plaintiff states in his IFP affidavit that he is currently employed and makes $720 a month working for a company called Grand Services. He also

received $2,400 in public aid in the last 12 months. He lives with his aunt. At this Court's request at the October 16th status hearing, plaintiff submitted a copy of his 2012 tax return. It lists his 2012 income as $4,084. Based on this information, we conclude that plaintiff is indigent.

Turning to the second step, we find that plaintiff's complaint fails to state a claim. To explain why, we will review the four earlier federal cases plaintiff filed.[1]

On May 15, 2011, plaintiff filed his first federal case in this district – *Williams v. Illinois DHS,* Case No. 11-3178. The complaint was 47 pages (118 if you include the exhibits) and named the DRS as defendant. The complaint contains numerous counts relating to plaintiff's attempt, starting in August 2009, to get the DRS to pay for his business venture. Judge Holderman granted a motion to dismiss finding that all the claims were barred under the *Rooker-Feldman* doctrine because he determined that plaintiff was asking for "essentially" the same relief in federal court that he had already sought in his state court – namely, "ordering [DRS] to fund his business plan." (Dkt. #30 at 1.) Judge Holderman further advised plaintiff that the "proper forum" for his claims would be to pursue them in the Illinois Appellate Court and ultimately the United States Supreme Court. (*Id.* at 2.)

The second case – *Williams v. the Illinois Division of Rehabilitation Services, et al.*, Case No. 12-1693 -- was filed on March 8, 2012. In this case, plaintiff filed a shorter complaint, a relatively modest six pages long. This complaint addressed the same general issue as the first. (Dkt. # 1 at 4.) Judge Darrah reviewed plaintiff's IFP application and concluded that, although he qualified as indigent, his complaint would not survive a motion to dismiss because he provided no legal authority to support his claim and because his complaint did not provide fair notice of the grounds upon which his claim rests. (Dkt. # 5 at 1.)

The third case – *Williams v. Anthony, et al.*, Case No. 12-4275 -- was filed by plaintiff on June 1, 2012. Plaintiff's complaint was 55 pages, and he asserted 19 claims or arguments. This case, like the first two, addressed funding of plaintiff's business. (Dkt. # 1 at 8.) After allowing plaintiff to file an amended complaint, Judge Feinerman dismissed his claims finding that he had no private right of action under the Rehabilitation Act. (Dkt. # 25 at 6.)

The fourth case – *Williams v. Pat Quinn, et al.*, 13-2157 – was filed on March 21, 2013. This complaint was 34 pages (83 with exhibits) and included 17 separate claims. (Dkt.# 1.) Here again, the lawsuit covered the same issue of plaintiff's funding request. *See, e.g., id.* at ¶ 62. Judge Norgle denied plaintiff's motion for leave to proceed in forma pauperis, finding that his complaint failed to state a plausible claim for relief. (Dkt. # 6.)

---

[1] Plaintiff in his complaint acknowledged that he had filed these earlier cases. Plaintiff's candor to the tribunal is appreciated.

In this present case, plaintiff has filed a 30-page complaint asserting 20 separate claims. However, the subject of this lawsuit continues to be the same proposed business plan and plaintiff's assertion that the Illinois agency has improperly refused to provide all the money he is requesting for his business. *See, e.g.*, Cmplt. ¶ 57. Plaintiff is currently asking for $68,000. (¶ 56.) In reviewing this lengthy complaint, we find that it suffers from the same problems already identified in the above four cases. In particular, as Judge Holderman observed, plaintiff has already challenged the DRS's decision in state court. Any ruling we would make would call this ruling into question and amount to a *de facto* appeal, which would violate the *Rooker-Feldman* doctrine.

We understand that plaintiff believes that this case raises a new issue not covered by the earlier cases. This is the most recent agency decision – the May 15, 2013 finding by the administrative hearing officer that plaintiff's amended IPE plan failed to fully answer questions # 2 and 19. These questions asked plaintiff to explain his rationale for pursuing this high-risk business venture instead of pursuing a salaried position. (Dkt. # 1 at 43.) The DRS also asked plaintiff whether he had plans for obtaining additional funds beyond what DRS might provide. (*Id.*) We fail to see how this new wrinkle alters the basic *Rooker-Feldman* analysis. Similarly, we can find no legal ground for why the DRS would not have the right to ask about contingency plans and alternative financing when the State, faced with limited budgets, is being asked to provide $68,000 for a new business venture. At the October 16th hearing, we asked plaintiff to describe his business plan. He stated that he was going to get information about divorce and bankruptcy law from federal websites and then put this information on a DVD and sell it to people. Plaintiff conceded that he is not a lawyer and has no legal training. This description on its face certainly suggests that this venture would carry significant risks given that this information is already accessible on the internet, and it is therefore hard to see how the DRS's request for more explanation could be viewed as unreasonable.

In sum, we find that plaintiff's claims could not survive a motion to dismiss. Therefore, his request to proceed in forma pauperis is denied and his complaint dismissed.

**ENTER:**

*/s/ John A. Nordberg*
**JOHN A. NORDBERG**
**Senior United States District Court Judge**

**DATED:** 11/26/13